UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

BRICKLAYERS INSURANCE AND
WELFARE FUND, BRICKLAYERS PENSION
FUND, BRICKLAYERS SUPPLEMENTAL
ANNUITY FUND, BRICKLAYERS AND
TROWEL TRADES INTERNATIONAL
PENSION FUND, NEW YORK CITY AND
LONG ISLAND JOINT APPRENTICESHIP
AND TRAINING FUND, INTERNATIONAL
MASONRY INSTITUTE, and JEREMIAH           **ORDER ADOPTING**
SULLIVAN, JR., in his fiduciary capacity as   **REPORT AND RECOMMENDATION**
Administrator and Chairman of Trustees,
BRICKLAYERS LOCAL 1, INTERNATIONAL   17-CV-6067 (SJ) (ST)
UNION OF BRICKLAYERS AND ALLIED
CRAFT WORKERS and BRICKLAYERS
LABOR MANAGEMENT COMMITTEE,

                     Plaintiffs,

  -against-

McGOVERN & CO., LLC and DANIEL
McGOVERN,

                     Defendants.
----------------------------------------------------------X

    A P P E A R A N C E S

    Doar Rieck DeVita Kaley & Mack
    217 Broadway
    Brooklyn, NY 11228
    Suite 707
    New York, NY 10007
    By:   Michael Robert Minnefor
    *Attorney for Plaintiffs*

**JOHNSON, Senior United States District Judge:**

Magistrate Judge Tiscione issued a Report and Recommendation ("R&R") recommending that a default judgment be entered against Defendants. The R&R advised that objections were due within fourteen days of service and warned that "[f]ailure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals." R&R 20. As directed, Plaintiffs mailed the R&R to Defendants at their respective last known addresses and filed proof of mailing with the Court. *See* ECF No. 16. To date, no objections have been filed.

Where clear notice has been given of the consequences of failure to object, and there are no objections, the Court may adopt the R&R without de novo review. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985); *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."). The Court will, however, excuse the failure to object and conduct de novo review if it appears that the magistrate judge may have committed plain error. *See Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000).

No error, plain or otherwise, is apparent in the R&R's conclusions as to Defendants' liability. Nonetheless, the R&R necessarily does not provide final damages calculations, since the interest on unpaid contributions owed to Plaintiffs continues to accrue until the date of final judgment. *See Bd. of Trs. of the UFCW Local 50 Pension Fund v. Baker Hill Packing Inc.*, No. 13-CV-1888 (JS) (SIL), 2015 WL 867013, at *11 (E.D.N.Y. Feb. 27, 2015) (collecting cases). The Court will calculate herein the final amount of damages owed to Plaintiffs.

The R&R recommends that the Court award interest on the unpaid principal for both the ERISA and Non-ERISA Plans in the amount of $5,834.71, plus $7.24 times the number of days between July 19, 2018 and the date judgment is entered. R&R 9-11. The Court finds no error in this recommended award. There are 273 days between July 19, 2018 and today's date, April 18, 2019. The additional amount of interest owed is therefore $1,976.52 ($7.24 * 273), bringing the total amount to $7,811.23 ($5,834.71 + $1,976.52).

The R&R also recommends doubling this award of interest pursuant to the ERISA statute, which provides that the Court shall award recovering plaintiffs, in addition to the interest owed on unpaid contributions, an amount equal to the greater of (i) interest on the unpaid contributions or (ii) the liquidated damages provided for under the plan, in an amount not in excess

of 20% of the unpaid contributions. 29 U.S.C. § 1132(g)(2)(C). However, the appropriate award of double interest pursuant to the ERISA statute only includes interest on the unpaid contributions to the ERISA Plans, not to the Non-ERISA Plans. *See, e.g., Cement Masons' Local 780 Tr. Fund, Pension Fund, Annuity Fund, Vacation Fund, Apprenticeship Fund, Labor Mgmt. Tr. Fund & Other Funds v. Atlas*, No. 11-CV-4162 (NGG) (RML), 2012 WL 3541822, at *4 (E.D.N.Y. July 23, 2012), *adopted by* 2012 WL 3542310 (E.D.N.Y. Aug. 14, 2012). The unpaid contributions to the ERISA Plans total $23,721.67. *See* R&R 8. The accrued interest on these unpaid contributions as of July 19, 2018 is $5,238.26 ($23,721.67 * 806). The additional per diem amount owed is $6.50 ($23,721.67 * .1 / 365). Therefore, the total interest owed pursuant to 29 U.S.C. § 1132(g)(2)(C) is $7012.76 ($5,238.26 + ($6.50 * 273)). This double interest payment is greater than the maximum liquidated damages of 20%, which totals only $4,744.33 ($23,721.67 * .2). The Court therefore awards this "greater" amount pursuant to 29 U.S.C. § 1132(g)(2)(C).

The Court adopts the R&R subject to these modifications. The Court awards damages to Plaintiffs against Defendant McGovern & Co., LLC in the total amount of $41,646.68.[1] Defendant Daniel McGovern is jointly and

---

[1] Consisting of (i) unpaid contributions to the ERISA Plans in the amount of $23,721.67, (ii) unpaid contributions to Local 1 and the LMC in the amount of $2,701.02, (iii) interest on the unpaid contributions to all of the

severally liable for damages in the amount of $18,067.84.[2] The clerk shell enter judgment accordingly.

SO ORDERED.

Dated: April 17, 2019
      Brooklyn, NY

s/Sterling Johnson, Jr.
_____
Sterling Johnson, Jr., U.S.D.J.

---

plans in the amount of $7,811.23, (iv) double interest on the ERISA Plans only in the amount of $7,012.76, and (v) costs in the amount of $400.
    [2] Consisting of (i) unpaid contributions to the ERISA Plans on which Mr. McGovern is personally liable in the amount of $15,519.42, and (ii) unpaid remittances to Local 1 in the amount of $2,548.42.